```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
VINCENT MASINO, et al.,                              :
                                                     :
                            Plaintiffs,              :       Report &
                                                     :       Recommendation
            -against-                                :       11-CV-671 (ARR)
                                                     :
LNV & J INC.,                                        :
                                                     :
                            Defendant.               :
----------------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:
```

## Introduction

Plaintiffs, Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (collectively "the Funds"), bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek a judgment to recover monies allegedly owed by defendant LNV&J Inc. to the Funds pursuant to ERISA and the terms of a Collective Bargaining Agreement ("CBA").

Upon plaintiffs' application and in light of the defendant's failure to appear or otherwise defend this action, the Clerk of the Court noted the default of defendant on April 29, 2011. Docket Entry 7. The Honorable Allyne R. Ross then referred the matter to me to report and recommend on the amount of damages to be awarded. Docket Entry 8.

## Discussion

*A.     Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993);

*Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

Plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C. § 1145. Plaintiffs allege that they are trustees of multiemployer benefit plans and defendant is engaged in the construction business, suggesting an industry affecting interstate commerce. Compl. ¶¶ 1, 2. Defendant LNV&J entered into a collective bargaining agreement ("CBA"), which required it to make contributions on behalf of its union-member employees to the Funds during the time period covered by the complaint.[1] *Id*. ¶ 10. Plaintiffs allege that an audit of defendant's books and records conducted in late 2010 revealed that defendant failed to remit contributions in the amount of $23,916.38 for August and September of 2008.[2] *Id*. ¶ 11. Defendant has failed to make any payments despite plaintiffs' demands. *Id*. ¶ 12. Defendant's failure to make contributions as required by the CBA constitutes a violation of ERISA and its liability to the Funds has thus been established.

B.  *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound*

---

[1] The CBA is attached as Exhibit A to the Fernandez Declaration, Docket Entry 5-7.

[2] A copy of the accountant's payroll examination report, which covered the period of July, 2008 through June, 2010 can be found at Docket Entry 5-8.

*Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to plaintiffs' submissions. Accordingly, a hearing on the issue of damages is not warranted.

Plaintiffs seek $23,916.38 in unpaid contributions for the period of July, 2008 through June, 2010, and in particular $12,062.93 for August of 2008 and $11,853.45 for September of 2008. Plaintiffs' demand is based upon a payroll examination of defendant's books and records conducted by plaintiffs' accountant. Docket Entry 5-8. The accountant's report provides sufficient documentation to establish that plaintiffs are entitled to $23,916.38 in unpaid contributions for this time period and I recommend that plaintiffs be awarded this amount.

Next, plaintiffs seek interest on all contributions at the rate of 10% per annum, which is the applicable rate pursuant to the CBA and plaintiffs' Collection Policy. CBA Art. IX(5); Collection Policy, Montelle Decl. Ex. D, Docket Entry 5-10. Plaintiffs request that interest accrue from the delinquency dates. The CBA and Collection Policy require contributions be made thirty-five days from the end of the work month. CBA Art. IX(1)(a); Montelle Decl. ¶¶ 8, 9, Docket Entry 5-5. Accordingly, interest should accrue from October 5, 2008 for the August contributions and November 4, 2008 for the September contributions. I recommend that plaintiffs be awarded interest at the rate of 10% per annum, beginning from October 5, 2008 on

the $12,062.93 in principal unpaid contributions and beginning from November 4, 2008 on the $11,853.45 in principal unpaid contributions, to be calculated by the Clerk of the Court at the time of judgment.

Plaintiffs also seek $1,018.29 in interest for 2008 contributions that were paid late. Montelle Decl. ¶ 5. *See also* Compl. ¶ 11. The contributions were paid before plaintiffs initiated this action. *Id*. ERISA, however, does not provide a basis for such relief. "[N]o [ERISA] suit can be commenced in the absence of unpaid contributions . . . ." *Iron Workers Dist. Council of W.N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1507 (2d Cir. 1995); *see also Huff v. Cruz Contracting Corp.*, 643 F. Supp. 2d 344, 348-49 (S.D.N.Y. 2009) (citing cases for the proposition that ERISA's provisions apply only to contributions that are unpaid at the time an action is commenced). Nonetheless, plaintiffs are entitled to this amount based on the CBA and defendant's breach of the CBA by failing to make timely contributions. Compl. ¶¶ 14-16. Accordingly, I respectfully recommend that plaintiffs be awarded $1,018.29 in interest as damages for defendant's breach of the CBA. *See* Montelle Decl. Ex. C, Docket Entry 5-9 (computer printout calculating interest owed on late-paid contributions).

Plaintiffs also seek liquidated damages in the amount of $4,783.28, which is 20% of the total unpaid contributions. Montelle Decl. ¶ 11. Although plaintiffs' Collection Policy, Art. II(4), states that they are entitled to liquidated damages in the amount of 20% of the unpaid contributions, the CBA, Art. IX(5), actually states that they are entitled to liquidated damages in the amount of 10% of the unpaid contributions. Nonetheless, ERISA provides for an award of liquidated damages equal to the *greater* of the interest due or the amount provided for under the plan. 29 U.S.C. § 1132(g)(2)(C). Although plaintiffs seek liquidated damages in the amount

provided for under the plan in their motion, ERISA mandates an award of liquidated damages in the amount of interest, which is the greater amount.[3]  Accordingly, I respectfully recommend that plaintiffs be awarded liquidated damages in an additional amount equal to the interest calculated by the Clerk at the time of judgment.

Finally, plaintiffs seek reimbursement for $4,037 in attorney's fees and costs.  Virginia Decl. ¶¶ 9-11, 13, Docket Entry 5-4.  Plaintiffs have complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) and *Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011), which require that contemporaneous time records be submitted with all fee applications.  Docket Entry 5-11.  Plaintiffs seek to recover $2,332 in attorney's fees, based upon 11.3 hours at an attorney rate of $200 and upon .9 hours at a paralegal rate of $80.  *Id*.  The time expended and the rates charged appear reasonable and should be approved.

Plaintiffs seek a total of $1,705 in costs, comprised of $1,280 in audit fees, $350 for the filing fee, and $75 for service, but have failed to submit documentation in support of an award for all of their costs.  Virginia Decl. ¶¶ 10, 12 & Docket Entry 5-11.  Nonetheless, the docket sheet indicates that plaintiffs paid $350 for filing, and plaintiffs have submitted a copy of a letter sent to defendant concerning the audit deficiency and identifying the audit fee as $1,280.  *See* Docket Sheet Entry dated 2/10/2011; Docket Entry 5-8.  No evidence supports the service costs.  I therefore recommend an award of $1,630 in costs for the audit and filing fees.

## **Conclusion**

For the reasons set forth above, I respectfully recommend that judgment be entered against defendant for $23,916.38 in unpaid contributions, $1,018.29 in interest for late-paid contributions, and $3,962 in attorney's fees and costs.  Moreover, I recommend that the Funds be

---

[3] As of April 15, 2011, plaintiffs calculated accrued interest totaling $5,941.60.  Montelle Decl. ¶¶ 8, 9.

5

awarded interest at the rate of 10% per annum, beginning from October 5, 2008 on the $12,062.93 in unpaid contributions and beginning from November 4, 2008 on the $11,853.45 in unpaid contributions, to be calculated by the Clerk of the Court at the time of judgment. Finally, I recommend that plaintiffs be awarded liquidated damages in an amount equal to the interest calculated by the Clerk.

Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before September 26, 2011. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address, and to file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 9, 2011

*U:\eoc 2011\damages inquests\masino v lnv&j.docx*